UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYRON THREAT,<br><br>                                    Petitioner,<br><br>v.<br><br>SHAWN HATTON, Warden,<br><br>                                    Respondent. | Case No.:  17cv1519-JAH-MDD<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE: MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[ECF No. 4]** |

This Report and Recommendation is submitted to United States District Judge John A. Houston pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(c) of the United States District Court for the Southern District of California.

For the reasons set forth herein, the Court **RECOMMENDS** Respondents' motion to dismiss Petitioner's Petition for Writ of Habeas Corpus be **GRANTED**.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

**A.    Federal Proceedings**

On July 27, 2017, Byron Threat ("Petitioner"), a state prisoner, filed a Petition for Writ of Habeas Corpus in the United States District Court for

the Southern District of California. (ECF No. 1). Petitioner argues that his first-degree murder conviction is unconstitutional because the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), mandates that California's murder statutes be stricken as unconstitutionally vague. (*Id.*).

On September 29, 2017, Respondent filed a motion to dismiss the Petition. (ECF No. 4). On November 13, 2017, Petitioner filed an opposition to the motion to dismiss. (ECF No. 6).

## B. State Proceedings

On July 25, 2003, Petitioner pleaded guilty to first-degree murder (Cal. Penal Code § 187(a)), admitting a strike prior (Cal. Penal Code §§ 667(b)1(i), 1170.12, 668), and a prior serious felony conviction, Cal Penal Code §§ 667(a)(1), 668. (ECF No. 5-1 at 12).[1] On September 8, 2003, the San Diego County Superior Court sentenced Petitioner to fifty-five-years-to-life. (*Id.* at 27; ECF No. 1 at 1). Petitioner appealed, and on July 12, 2004, the California Court of Appeal affirmed his conviction. (ECF No. 5-7). Petitioner did not make any further direct appeals to the California Supreme Court or the United States Supreme Court. (*Id.*).

On April 17, 2009, Petitioner filed a habeas petition in the Superior Court. (ECF No. 5-10 at 3). On June 8, 2009, the Superior Court denied the petition. (*Id.*).

On July 20, 2016, Petitioner filed a second habeas petition in the Superior Court. (ECF No. 5-9). On September 19, 2016, the Superior Court denied that petition. (ECF No. 5-10).

---

[1] Pincites refer to the automatically-generated CM/ECF pagination, not the pagination in the native document.

17cv1519-JAH-MDD

On January 3, 2017, Petitioner filed a habeas petition in the California Court of Appeal and the appellate court denied the petition on January 9, 2017. (ECF Nos. 5-11, 5-12). The California Supreme Court denied the petition on April 12, 2017. (ECF Nos. 5-13, 5-14).

## II.     SCOPE OF REVIEW

Title 28 U.S.C. § 2254(a) provides the scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the grounds that he is in custody in violation of the Constitution or laws or treaties of the United States.

## III.     DISCUSSION

Respondent argues that dismissal is appropriate because Petitioner's claim is barred by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") one-year statute of limitations. (ECF No. 4-1 at 4-8).

Petitioner opposes Respondent's motion to dismiss, reiterating that his petition is timely under *Johnson*. (ECF No. 6 at 1).

**A.     Timeliness**

Respondent argues that the Petition is time-barred because it was filed over ten years after Petitioner's judgment became final and he is not entitled to a later start date or sufficient tolling. (ECF No. 4-1 at 4). Specifically, Respondent asserts that *Johnson* is not retroactively applicable to Petitioner. (*Id.* at 5).

As amended by AEDPA, 28 U.S.C. § 2244(d)(1) provides a one-year limitations period for a state prisoner to file a federal petition for writ of habeas corpus, pursuant to the judgment of the State court. The limitation period runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1)(A)-(D) (West 2006). AEDPA applies to all § 2254 habeas corpus petitions filed after April 24, 1996. *Smith v. Robbins*, 528 U.S. 259, 267 n.3 (2000). Where a state prisoner sought direct review of a conviction in the state's intermediate appellate court, but not in the state's highest court, the one-year limitations period begins to run forty days after the intermediate court entered judgment. *See* Cal. R. Ct, 8.366(b)(1); Cal. R. Ct. 8.500(e)(1).

On July 12, 2004, the California Court of Appeal affirmed Petitioner's conviction. (ECF No. 5-6). Petitioner did not appeal to the California Supreme Court and his conviction became final on August 21, 2004, forty days after the Court of Appeal entered judgment. (*See id.*); Cal. R. Ct. 8.366(b)(1); Cal. R. Ct. 8.500(e)(1). The instant action was not filed until July 27, 2017—almost thirteen years after the statute of limitations expired. (ECF No. 1). Because Petitioner did not file his federal habeas petition within the one-year statute of limitations, the Petition is untimely, unless

Petitioner is entitled to a later start date or to sufficient tolling.

## 1. Later Start Date Pursuant to *Johnson*

Petitioner asserts that he is entitled to a later start date of the AEDPA statute of limitations because *Johnson* enunciated a new rule of constitutional law that applies retroactively to Petitioner. (ECF No. 1 at 6-8). Respondent contends that the *Johnson* decision does not support Petitioner's claim that the Supreme Court established a new constitutional rule applicable to California's murder statute. (ECF No. 4-1 at 5).

In *Johnson*, the Supreme Court found the residual clause of the Armed Career Criminal Act ("ACCA") unconstitutionally vague. *Johnson*, 135 S.Ct. at 2563. The ACCA's residual clause qualifies any crime that "involves conduct that presents a serious potential risk of physical injury to another" as a violent felony. 18 U.S.C. § 924(e)(2)(B). The Supreme Court, in finding the residual clause violates Due Process rights, found that the clause "produces more unpredictability and arbitrariness than the Due Process Clause tolerates" and noted its own inability to craft appropriate standards and apply the clause. *Johnson*, 135 S.Ct. at 2557.

Petitioner suggests that the residual clause found at Cal. Penal Code § 189 is just as vague as the unconstitutional residual clause of the ACCA. Although § 189 may contain a residual clause, *Johnson* does not render all such clauses unconstitutionally vague. In fact, other residual clauses that are even more similar to the one contained in the ACCA–like California's definition of a second-degree felony murder (i.e., unlawful killing in the course of the commission of a felony that is "inherently dangerous to human life")–are unaffected by *Johnson*. *See Renteria v. Asunsion*, 2016 WL 336558, at *3 (C.D. Cal. Dec 16, 2016). As the district court in *Renteria* noted: "Although a superficial similarity may exist between the phrases 'a serious

potential risk of physical injury' and an act 'inherently dangerous to human life,' the *Johnson* Court did not rest its ruling solely on the lack of precision of the words 'a serious potential risk of physical injury.'" *Id.*

Instead, "the [*Johnson*] Court found that a number of factors, acting in combination, rendered the residual clause constitutionally infirm," and the *Johnson* decision itself was "narrow and based on the confluence of nine years of difficulty interpreting the provision, the remaining language of the statute, and the language of the residual clause itself." *Id.* (citing *Johnson*, 135 S. Ct. at 2560).

Accordingly, *Johnson* does not represent the Supreme Court's recognition of a new rule of constitutional law applicable to Petitioner, and he is not entitled to a later start date of the AEDPA statute of limitations. *See Adame v. Hatton*, No. EDCV 16-2671-JAK-(KES), 2017 U.S. Dist. LEXIS 14968, *8-10 (C.D. Cal. Feb. 1, 2017) ("Petitioner's state prison sentence was not enhanced under the ACCA's residual clause, nor was his conviction based on any state analogue of that federal criminal statute. Thus, *Johnson* did not create a new due process right applicable to Petitioner.").

**2. Statutory Tolling**

AEDPA's limitations period is subject to statutory tolling for periods of time, prior to the expiration of the limitations period, in which there is a properly filed application for post-conviction relief pending in the state court. *Tillema v. Long*, 253 F.3d 494, 498 (9th Cir. 2001) (overruled on other grounds by *Dixon v. Baker*, 847 F.3d 714 (9th Cir. 2017)); *see* 28 U.S.C. § 2244(d)(2). An application for post-conviction relief is pending until final resolution is reached in the state court. *Carey v. Saffold*, 536 U.S. 214, 219-220 (2002). In California, a state habeas petition remains pending between a lower court's denial of the petition and the filing of a habeas petition in a

higher state court, as long as that period of time is "reasonable." *Evans v, Chavis*, 546 U.S. 189, 191-92 (2006). The Supreme Court has ruled that a six month delay between the denial of a state habeas petition in a lower court and the filing of a state habeas petition in a higher court is unreasonable. *Id.* at 201.

For the instant Petition to be timely, Petitioner would need to toll the statute of limitations for 4,724 days.[2] Assuming without deciding that all state habeas petitions are entitled to statutory tolling, and even if the Court adds six months (180 days) of tolling for each petition that did not proceed to the California Supreme Court–which would be more time than tolerated by the Supreme Court–the Petition would only receive 499 days of statutory tolling. Petitioner filed his first state habeas petition on April 17, 2009, and the San Diego County Superior Court denied the petition fifty-two days later on June 8, 2009. (ECF No. 5-10 at 3). Including six months to file in a higher state court, the petition was pending for 232 days. On July 20, 2016, Petitioner filed a second state habeas petition, which the California Supreme Court denied 267 days later on April 12, 2017. (ECF Nos. 5-9, 5-14). Thus, Petitioner had state habeas petitions pending for 499 days.[3] Because Petitioner would need 4,724 days of statutory tolling, the instant Petition is untimely by 4,225 days.

Further, Petitioner's state habeas petitions occurred in two distinct rounds. *See* California Courts; (ECF Nos. 5-9). "[W]hile the one-year

---

[2] There are 4,724 days between the expiration of the AEDPA statute of limitations on August 21, 2004 and the filing date of the instant petition on July 27, 2017.

[3] The Court added the time each state petition was pending to reach 499 days (232+267=499).

limitations period is tolled during the intervals between filings in the same round of habeas pleading (gap-tolling), it is not tolled between the end of one round and the beginning of another." *Renteria*, 2016 WL 7336558, at \*4 (quoting *Hemmerle v. Schriro*, 495 F.3d 1069, 1075 (9th Cir. 2007)). Accordingly, Petitioner is not entitled to tolling for time between the rounds of his state petitions. *See id.* As such, Petitioner is not entitled to enough statutory tolling to make his Petition timely and, unless Petitioner can establish an entitlement to equitable tolling, the instant Petition is time-barred.

### 3. Equitable Tolling

Under certain circumstances, AEDPA's one-year statute of limitations period may be equitably tolled. *Calderon v. U.S. Dist. Court for the Cent. Dist. of Cal.*, 128 F.3d 1283, 1288 (9th Cir. 1997) (overruled on other grounds by *Calderon v. U.S. Dist. Court for the Cent. Dist. of Cal.,* 163 F.3d 530 (9th Cir. 1998)). A litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances beyond the prisoner's control have made it impossible for him to file a timely petition. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Here, Petitioner did not provide any arguments or evidence to satisfy the elements required for equitable tolling and nothing in the record indicates that he is entitled to equitable tolling. Therefore, Petitioner is not entitled to equitable tolling and the instant Petition is time-barred.

### V. **CONCLUSION**

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Court issue an Order: (1) Approving and Adopting this Report and Recommendation; (2) **GRANTING** Respondents' motion to dismiss

8

Petitioner's Petition for Writ of Habeas Corpus.

**IT IS HEREBY ORDERED** that any written objections to this Report must be filed with the Court and served on all parties no later than **February 12, 2018**. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objection shall be filed with the Court and served on all parties no later than **February 19, 2018**. The parties are advised that the failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED.**

Dated: January 22, 2018

Hon. Mitchell D. Dembin
United States Magistrate Judge

17cv1519-JAH-MDD