UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYRON THREAT,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>SHAWN HATTON, Warden,<br><br>　　　　　　　　　　Respondent. | Case No.: 17-cv-1519-JAH-MDD<br><br>**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION; GRANTING RESPONDENT'S MOTION TO DISMISS; AND DISMISSING PETITIONER'S HABEAS PETITION AS UNTIMELY** |

## **INTRODUCTION**

Pending before the Court is Shawn Hatton's ("Respondent") Motion to Dismiss Byron Threat's ("Petitioner") writ of habeas corpus. [Doc. No. 4]. The Honorable Mitchell D. Dembin, United States Magistrate Judge, submitted a report and recommendation ("report") to this Court, recommending Respondent's Motion to Dismiss be granted. See Doc. No. 7. No objections to the magistrate judge's report were filed. After careful consideration of the parties' submissions, along with the entire record of this matter, this Court **ADOPTS** the magistrate judge's report in its entirety, **GRANTS** Respondent's Motion to Dismiss, and **DISMISSES** Petitioner's petition for writ of habeas corpus as untimely.

1

# BACKGROUND[1]

On July 25, 2003, the Petitioner pleaded guilty to first–degree murder in violation of California Penal Code Section § 187(a). On September 8, 2003, Petitioner was sentenced by the San Diego County Superior Court to fifty–five years to life. On July 12, 2004, the California Court of Appeals affirmed his conviction and no further direct appeals to the California Supreme Court or United States Supreme Court were made. On April 17, 2009, Petitioner filed a habeas petition in the Superior Court which was eventually denied. On July 20, 2016, Petitioner filed another habeas petition with the Superior Court, which was also denied. Petitioner filed a habeas petition with the California Court of Appeal which was denied on January 9, 2017. The California Supreme Court denied the petition on April 12, 2017. Finally, Petitioner filed the operative petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 with this Court on July 27, 2017. Upon receiving Respondent's Motion to Dismiss, Judge Dembin submitted a report to this Court, recommending the petition be dismissed as time–barred. Petitioner has filed no objections to the report.

# DISCUSSION

## I. Scope of Review

The district court's role in reviewing a magistrate judge's report and recommendation is set forth in Title 28, United States Code, § 636(b)(1). Under this statute, the district court "shall make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." Id. It is well-settled, under Rule 72(b) of the Federal Rules of Civil Procedure, that a district court may adopt those parts of a magistrate judge's report to which no specific objection is made, provided they are not clearly erroneous. Thomas v. Arn, 474 U.S. 140, 153 (1985).

---

[1] The underlying facts set forth in the magistrate judge's report, to which plaintiff presents no objection, are adopted in toto, and referenced as if fully set forth herein.

2

## II. Analysis

Judge Dembin found that Petitioner's judgment became final, under AEDPA, on August 21, 2004, forty days after the Court of Appeal entered judgment affirming his conviction. Thus, without the benefit of equitable tolling, Petitioner had no later than August 21, 2005 to file a writ of habeas corpus in federal court. Ultimately, Judge Dembin found the amended habeas petition time-barred under AEDPA because (1) Petitioner is not entitled to a later start date pursuant to the Supreme Court's holding in Johnson v. United States, 135 S. Ct. 2551 (2015); (2) Petitioner is not entitled to enough statutory tolling to make his petition timely; and (3) Petitioner is not entitled to equitable tolling. The Court received no objections to the magistrate judge's report, nor did Petitioner request additional time in order to file objections. As such, this Court may adopt the magistrate judge's findings and conclusions presented in the report as long as they are not clearly erroneous. See Thomas, 474 U.S. at 153. This Court's careful *de novo* review of the record reflects the magistrate judge presented a cogent analysis and, thus, finds the magistrate judge's findings and conclusions are not clearly erroneous.

## III. Certificate of Appealability

Rule 11 of the Federal Rules Governing Section 2254 Cases states that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability is not issued unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, the petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' " Slack v. McDaniel, 529 U.S. 473, 475 (2000) (citation omitted). For the reasons set forth in the magistrate judge's report and recommendation and incorporated by reference herein, the Court finds that this standard has not been met and therefore **DECLINES** to issue a certificate of appealability in this case.

**CONCLUSION AND ORDER**

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. The findings and conclusions of the magistrate judge presented in the report and recommendation are **ADOPTED** in their entirety;
2. Respondent's Motion to Dismiss the instant petition is **GRANTED**;
3. Petitioner is **DENIED** a certificate of appealability; and
4. Petitioner's writ of habeas corpus is **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

DATED: April 12, 2018

_____
JOHN A. HOUSTON
United States District Judge